768

**FRENE et al. v. MURATORI et al.**

No. 8569.

United States Court of Appeals
District of Columbia.

Argued April 6, 1944.

Decided May 29, 1944.

Messrs. Vincent L. Toomey and Joseph C. Suraci, both of Washington, D. C., for appellants.

Mr. Rossa F. Downing, of Washington, D. C., with whom Messrs. Maurice A. Guervitz and Walter L. McNamara, both of Washington, D. C., were on the brief, for appellees.

Before GRONER, C. J., and EDGERTON and ARNOLD, JJ.

PER CURIAM.

Mary Merando died in July 1942, leaving an estate of the value of approximately $25,000. She was born in Italy, married there and had two children. Her husband having died, she came to the United States, an illiterate, penniless immigrant, about the year 1900. Subsequently she married a second time and had seven children, six girls and a boy. The two children by her first marriage followed her to this country shortly after her arrival here, and both sets of children lived with her in Washington City until they had grown up and either married or established homes of their own. At the time of her death she had never learned to read or write in any language.

By her last will she left $1,000 to her son and $100 to her daughter by her first marriage, and the balance of her estate she divided equally between the daughters of the second marriage, except as to $100 which she left to the son of the second marriage, who, however, immediately obtained from his sisters an agreement for division with him on an equal basis. The two children of the first marriage attacked the will, charging it was procured by fraud, coercion and undue influence. Issues were framed and there was a trial to court and jury, and at the conclusion of the testimony the Judge, of his own motion, announced that he would instruct the jury to find for the defendants (caveatees) on the issue of fraud, but would submit to the jury the issue of undue influence. The jury found against the caveators on that issue and the judgment from which this appeal is taken was thereupon entered.

We have read the testimony in the record and have reached the conclusion that the court was in error in taking from the jury the issue of fraud. There is no clear evidence in the record of undue influence. There is, however, strong and very persuasive evidence of fraud and that issue should have been submitted. As the case must be tried again, and the testimony may be different, no good purpose will be served in setting out the evidence on this trial, which we think tends strongly to show fraud in the procurement of the will. We are, therefore, reversing, with instructions to the District Court to retry the case consistently with this opinion.

Reversed and remanded.